IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-63-BR
NO. 5:11-CV-156-BR

| | | |
|---|---|---|
| TERRENCE ROSARIO WILSON | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Respondent. | ) | |

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

By judgment entered 4 November 2009, petitioner was sentenced to 120 months imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner did not appeal. Therefore, his judgment of conviction became final ten days after judgment was entered, 18 November 2009. See Clay v. United States, 537 U.S. 522, 524-25 (2003) (conviction becomes final after time period to appeal or seek review has concluded); Fed. R. App. P. 4(b)(1)(A) (2008) (ten-day period to appeal criminal judgment); Fed. R. App. P. 26(a) (2008) (with time periods of ten days, weekends and holidays do not count in the calculation).[1] The instant petition was filed on 4 April 2011.

A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of–

---

[1] Since entry of the judgment here, the cited rules have been amended. The appeal period is now fourteen days, Fed. R. App. P. 4(b)(1)(A) (eff. Dec. 1, 2009), and weekends and holidays are now included in the time period calculation, id. 26(a)(1)(B) (eff. Dec. 1, 2009).

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

As noted above, petitioner's judgment became final on 18 November 2009. Petitioner had one year from this date within which to file a § 2255 petition. He did not do so, missing the deadline by more than one year. Thus, the petition is untimely under § 2255(f)(1).

No other bases for timeliness under subsections (2) through (4) are apparent on the face of the petition or in the memorandum petitioner filed with his petition. However, petitioner does suggest a circumstance which may warrant equitable tolling of the limitations period. See United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). As a basis for one of his ineffective assistance of counsel claims, petitioner has declared under penalty of perjury that he instructed his counsel to file a notice of appeal, yet counsel failed to do so. (Pet. at 4.) In his memorandum, petitioner references a letter he sent to the court, within the one-year limitations period, informing the court that counsel had not been in touch with him and that he had tried to get in touch with counsel, (10/25/10 Mot.). The court construed the letter as "a motion for extension of time to file a 28 U.S.C. § 2255 motion or to file notice of appeal and for appointment of counsel." The court denied petitioner relief. (1/12/11 Order.) Petitioner filed the instant petition about two-and-one-half months later. If petitioner is able to show that counsel's conduct amounts to an "extraordinary circumstance" and that he exercised "reasonable

diligence" in pursuing his rights, equitable tolling may be warranted here.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Under these circumstances, the court finds that the timeliness issue is best left for resolution upon further proceedings.

The United States Attorney is DIRECTED to file an Answer pursuant to Rule 5 of the Rules Governing § 2255 Proceedings or to make such other response as appropriate to the petition within forty (40) days of the filing of this order.

This 11 April 2011.

                                            W. Earl Britt
                                            Senior U.S. District Judge