IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-63-BR
NO. 5:11-CV-156-BR

| | | |
|---|---|---|
| TERRENCE ROSARIO WILSON | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss. Petitioner filed a response in opposition to the motion.

Petitioner's judgment of conviction was entered 4 November 2009. Accepting petitioner's version of events, shortly after sentencing, petitioner twice requested counsel to file an appeal, and counsel said that he would do so. Petitioner subsequently sent letters to counsel; counsel never responded to the letters and did not file a notice of appeal on petitioner's behalf. (10/25/11 Ltr., DE # 35; Resp. Mot. Dismiss, DE # 43, at 3.) Because petitioner did not appeal, his judgment became final on 18 November 2009. (4/11/11 Order, DE # 40, at 1.)

Approximately 11 months after his judgment became final, petitioner wrote the undersigned, in pertinent part:

> I have been trying to contact my lawyer Steven E. Hight. He has not been in touch with me and I've been trying to get in touch with him. I am trying to exhaust my last rights. . . . I'm writing the courts to get an extention [sic] be cause [sic] my time to 2255 or my direct appeal is about to expire. . . . I'm asking the courts to appoint me new counsel . . . .

(10/25/10 Ltr., DE # 35.) The court construed the letter "as a motion for extension of time to file a 28 U.S.C. § 2255 motion or to file notice of appeal and for appointment of counsel." (1/12/11 Order.) On 12 January 2011, the court denied petitioner relief. (Id.) Petitioner filed the instant

§ 2255 motion approximately two-and-one-half months later and nearly fourteen months after his judgment became final.

On initial review of the § 2255 motion and because petitioner had filed the motion more than one year after his judgment became final, the court found that the motion is untimely under 28 U.S.C. § 2255(f). (4/11/11 Order, DE # 40, at 2.) In that order, however, the court recognized that there may be a basis for equitable tolling of § 2255(f)'s limitations period and found "that the timeliness issue is best left for resolution upon further proceedings." (Id. at 2-3.) The government filed the instant motion in response to that order.

The government contends that the time period in § 2255(f) should not be equitably tolled. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (citation omitted). The court finds petitioner did not act with reasonable diligence in pursuing his rights.

As evidenced by his October 2010 letter, petitioner knew his deadline to timely file a § 2255 motion was nearly expired. He does not suggest that his counsel's failure to file a notice of appeal somehow prevented him from timely filing the § 2255 motion. Rather, he claims that had the court "responded in a timely fashion" to his October 2010 letter, which was sent one month before the limitations period expired, he "may have had enough time to file within the prescribed time frame." (Resp. Mot. Dismiss, DE # 43, at 3.) Thus, petitioner appears to suggest that his time to file a § 2255 motion should be tolled while he awaited the court's response to his letter.

Even if the court accepted this basis for tolling, petitioner still filed the motion late. Giving petitioner the benefit of the mailbox rule, when he sent the letter to the court on 19 October 2010, he had one month before § 2255(f)'s limitations period expired. If one tolls the time that the court considered the letter/motion from 19 October 2010 to 12 January 2011 when
2
Case 5:09-cr-00063-BR   Document 44   Filed 07/20/11   Page 2 of 4

the court issued its ruling, petitioner had one month from 12 January 2011 to file a § 2255 motion. As noted previously, petitioner did not file the instant motion until two-and-one-half months after the court issues its ruling. He does not explain the one-and-one-half month delay, other than to state that "[u]pon receiving the Court's response [i.e., the 12 January 2011 order], Petitioner filed the instant § 2255 motion, as time would allow within the institution[']s limited resources and time schedules." (Resp. Mot. Dismiss, DE # 43, at 3.) Delay attributable to a lack of resources or institutional rules does not provide a basis for equitable tolling. See Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (recognizing that lack of legal expertise and limited access to the prison law library are not grounds for equitable tolling); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) ("Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." (citing Akins v. United States, 204 F.3d 1086 (11th Cir. 2000)). In sum, no valid reason prevented petitioner from filing a § 2255 motion within the month after the court responded to his letter. Having found petitioner did not exercise reasonable diligence in pursuing his rights, the court expresses no opinion on whether counsel's purported misconduct constitutes an extraordinary circumstance to warrant equitable tolling.

The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255

the court issued its ruling, petitioner had one month from 12 January 2011 to file a § 2255 motion. As noted previously, petitioner did not file the instant motion until two-and-one-half months after the court issues its ruling. He does not explain the one-and-one-half month delay, other than to state that "[u]pon receiving the Court's response [i.e., the 12 January 2011 order], Petitioner filed the instant § 2255 motion, as time would allow within the institution[']s limited resources and time schedules." (Resp. Mot. Dismiss, DE # 43, at 3.) Delay attributable to a lack of resources or institutional rules does not provide a basis for equitable tolling. See Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) (recognizing that lack of legal expertise and limited access to the prison law library are not grounds for equitable tolling); Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) ("Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." (citing Akins v. United States, 204 F.3d 1086 (11th Cir. 2000)). In sum, no valid reason prevented petitioner from filing a § 2255 motion within the month after the court responded to his letter. Having found petitioner did not exercise reasonable diligence in pursuing his rights, the court expresses no opinion on whether counsel's purported misconduct constitutes an extraordinary circumstance to warrant equitable tolling.

The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255

Proceedings, a certificate of appealability is DENIED.

This 20 July 2011.

                                              W. Earl Britt
                                              Senior U.S. District Judge